IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CRYSTAL BRAMAN,

    Plaintiff,

v.                                        CIVIL ACTION NO. 2:18-CV-00322

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Crystal Braman filed this action pursuant to 42 U.S.C. § 405(g) on February 15, 2018, seeking review of the Commissioner's Final Decision denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act.[1] *Compl.*, p. 1, ECF No. 2. By standing order, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for Proposed Findings and Recommendations ("PF&R"). *Standing Order*, p. 2, ECF No. 4. In her PF&R issued on January 1, 2019, Magistrate Judge Eifert recommends this Court deny Plaintiff's Motion for Judgment on the Pleadings, grant Defendant's Motion for Judgment on the Pleadings, affirm the Final Decision of the Commissioner, and dismiss this case from the Court's docket. *PF&R*, pp. 1–2, ECF No. 12. Plaintiff filed objections to the PF&R on February 18, 2019. *Pl.'s Objs. to PF&R*, ECF No. 13.

---

[1] The Complaint originally marked boxes filing a claim for both Supplemental Security Income under Title XVI and Disability Insurance Benefits under Title II. *Compl.*, p. 2, ECF No, 2. However, the only matter before the Administrative Law Judge, and thus the only matter before this Court, was a denial of disability benefits. *Transcript*, p. 14. ECF Nos. 9–9-8.

1

As explained below, the Court **DENIES** Plaintiff's objections (ECF No. 13), **ADOPTS** Magistrate Judge Eiferts's PF&R (ECF No. 12), **DENIES** Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10), **GRANTS** Defendant's Motion for Judgment on the Pleadings (ECF No. 11), **AFFIRMS** the Commissioner's Final Decision, and **DISMISSES** the case.

## I. BACKGROUND

Plaintiff protectively filed an application for Title II benefits on February 25, 2014, alleging disability beginning on December 20, 2013. *Transcript,* p. 14, ECF Nos. 9–9-8. Plaintiff alleged she became disabled due to arthritis, a burned right hand, spondylosis, depression, bipolar disorder, and fibromyalgia. *Id.* at 183–84, 207. Plaintiff's claim was denied initially on June 27, 2014, and again on November 18, 2014. *Id.* at 97–101, 104–10. An administrative hearing reviewing these denials was held on March 10, 2017 with Administrative Law Judge ("ALJ") Donna J. Grit. *Id.* at 42–68. On May 3, 2017, the ALJ denied the claims, finding Plaintiff had not been under a disability at the relevant time. *Id.* at 11–41. The Commissioner's decision became final on December 18, 2017, when the Appeals Council denied Plaintiff's Request for Review. *Id.* at 1–6. Thereafter, Plaintiff filed the instant complaint with this Court on February 15, 2018. *Compl*.

## II. STANDARD OF REVIEW

This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U. S. C. § 636(b)(1). The Court is not required to review the factual or legal conclusions to those portions of the findings or recommendations to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The scope of review is narrow; this Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

"Substantial evidence" is defined as "consist[ing] of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing the case for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Id*. If there is conflicting evidence and reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *Craig*, 76 F.3d at 589 (citation omitted).

In conducting this review, this Court must also address whether the ALJ analyzed all the relevant evidence and sufficiently explained the rationale in crediting or discrediting it. *Milburn Colliery Co. v. Hicks*, 138 F. 3d 524, 528 (4th Cir. 1998). While the Commissioner's decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based," 42 U.S.C. § 405(b)(1), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]" *Reid v. Comm'r of Soc. Sec.,* 769 F.3d 861, 865 (4th Cir. 2014) (citing *Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

### III. DISCUSSION

In an unstructured, two-page memorandum, Plaintiff objects as to findings by the ALJ on matters of her "concentration, persistence, or pace." *Pl.'s Objs. to PF&R*, at 1–2. These objections appear to be two separate issues. First, Plaintiff alleges the magistrate judge "deferred to the ALJ's assessment of Plaintiff's abilities", including the weight the ALJ's decision gave to an opinion by Ms. Sunny Bell. *Id.* Second, Plaintiff claims the ALJ ignored evidence on the record. *Id.*

Insofar as the Plaintiff objects to the deference given to the determination by the ALJ, this is without merit and overruled. It is the duty of the ALJ, not the Court, to weigh conflicting

evidence. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). By Plaintiff's own admission, this part of her objection is not based on the lack of substantial evidence, but that the ALJ "gave only partial weight to Ms. Bell's opinion[.]" *Pl.'s Objs. to PF&R*, at 2. The ALJ specifically considered the examination by Ms. Bell and offered her rationale as to why this was only given partial weight. *Transcript*, at 30. This satisfies the test for substantial evidence.

Furthermore, Plaintiff's claims the ALJ lacked citation to certain evidence and failed to reflect Ms. Bell's findings in her limitations of pace and persistence are not legally sound. An ALJ is not required to cite every piece of evidence in her findings. *Reid v. Comm'r of Soc. Sec.,* 769 F.3d 861, 865 (4th Cir. 2014). When the ALJ states that the whole record was considered, the Court "take[s] her at her word." *Id.* (finding reference to a general history of pain and evidence supporting a disability claim is sufficient to show the matter was properly considered). Even when there is a limitation on concentration, persistence, or pace, it does not necessarily translate into a limitation in a claimant's Residual Functional Capacity ("RFC"). *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) ("the ALJ may find that the concentration, persistence, or pace limitation does not affect [Claimant]'s ability to work").

Plaintiff claims the ALJ did not consider evidence that "she received daily help from home health, including assistance with meals, bathing, and caring for her hair[,]" as well as help from her daughter and assistance to complete forms. *Pl.'s Objs. to PF&R*, at 2. Yet the AJ specifically cited evidence of help from home heath; assistance with meals; use of a chair in the shower; aid from her boyfriend to wash her hair, shave, and dress; and stated that she had considered all the evidence. *Transcript*, at 14, 22. Ultimately, the ALJ found the Plaintiff's assessment of her abilities were not entirely consistent with medical and other evidence. *Id.* at 23. The absence of citation to a general claim that she "receiv[ed] assistance from her daughter" and "required assistance on

multiple occasions to complete the forms she filled out" does not negate the substantial evidence the ALJ cited to in her determination of Plaintiff's individual limitation and her RFC. These issues were adequately considered and the objection is overruled.

The Court cannot reweigh evidence, only ensure proper procedure was followed. The PF&R finds support in the record that the ALJ properly considered all factors and outlined why she found certain factors more credible than others. As such, the evidence was sufficiently considered, the ALJ's determination is supported by substantial evidence, and Plaintiff's argument is without merit.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's objections (ECF No. 13), **ADOPTS** Magistrate Judge Eifert's PF&R (ECF No. 12), **DENIES** Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10), **GRANTS** Defendant's Motion for Judgment on the Pleadings (ECF No. 11), **AFFIRMS** the Commissioner's Final Decision, and **DISMISSES** the case.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 26, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE